IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| William Bryant Edwards, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12cv969 (AJT/TRJ) |
| | ) | |
| Warden, Greenville Correctional Center, | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

William Bryant Edwards, a Virginia inmate proceeding pro se, has filed a petition for a

writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit

Court for Virginia Beach, Virginia for aggravated sexual battery, indecent liberties, and forcible

sodomy. For the reasons that follow, respondent's Motion to Dismiss will be granted, and

petitioner's other pending motions will be denied, as moot.

**I. Background**

On December 21, 2009, petitioner pled guilty to aggravated sexual battery, indecent

liberties, and forcible sodomy in the Circuit Court of the City of Virginia Beach, Virginia. R.

Nos. CR09002266-00, -01, and -02. Petitioner was sentenced to thirty-five (35) years with

twenty-two (22) years and six months suspended. Id. Petitioner did not appeal the convictions.

On September 11, 2011, petitioner filed a petition for writ of habeas corpus in the

Supreme Court of Virginia, which found that the writ should not issue on December 22, 2011.

R. No. 111623.

Petitioner filed the instant federal petition for writ of habeas corpus on July 31, 2012. By

Order dated October 6, 2012, the Court found that the petition was barred by the applicable

statute of limitations, 28 U.S.C. § 2244(d). Petitioner was directed to show cause why the

petition should not be dismissed as untimely by either (1) contesting the application of the one-

year limitations period or (2) establishing that he is entitled to equitable tolling. Petitioner

responded and was granted leave to amend the petition, and by Order dated November 19, 2012,

respondent was directed to file a response as to whether petitioner was entitled to equitable

tolling. Respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting

memorandum concerning equitable tolling and petitioner's amended claims. Petitioner was

given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d

309 (4th Cir. 1975). Petitioner filed a reply along with a motion to appoint counsel, motion for

evidentiary hearing, and motion for discovery.

## II. The Petition is Time-Barred

The petition is time-barred. A petition for a writ of habeas corpus must be dismissed if

filed later than one year after (1) the judgment becomes final; (2) any state-created impediment

to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional

right asserted; or (4) the factual predicate of the claim could have been discovered with due

diligence. 28 U.S.C. § 2244(d)(1)(A)–(D).

In the instant case, petitioner pled guilty on September 8, 2009 and was convicted on

December 21, 2009 in the Circuit Court for the City of Virginia Beach, Virginia. Therefore,

petitioner's conviction became final on January 21, 2010, the date on which the time for filing an

appeal to the Court of Appeals of Virginia expired. See Va. Sup. Ct. R. 5A:6. Petitioner

therefore had one year, or until January 21, 2011, to file a timely federal habeas petition unless

the pendency of a properly filed application for state post-conviction relief or other state

collateral relief tolled the running of the limitations period. See 28 U.S.C. § 2254(d)(2); Pace v.

DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state

collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as

interpreted by state courts).

In this case, petitioner did not commence his first state post-conviction proceeding until September 11, 2011, when he filed a state habeas petition in the Supreme Court of Virginia. By that time, approximately one and one-half years had elapsed since petitioner's conviction became final, so the federal statute of limitations had expired and the pendency of the state habeas proceeding could not toll the federal limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Accordingly, this petition is untimely under § 2244(d), unless petitioner establishes that the statute of limitations does not apply or should otherwise be tolled.

### III. Petitioner is Not Entitled to Equitable Tolling

The United States Supreme Court recently established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, --- U.S. ---, 130 S. Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328–29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> . . . to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes . . . . We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the

party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246.  For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time.  Id.  On the other hand, it is settled that a petitioner's lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling.  See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

In his reply to the October 6, 2012 Order, petitioner argues that he is entitled to equitable tolling of the limitations period because he exercised due diligence in gathering information and facts about his case and that for the first one hundred seventy-nine days of his incarceration, he was incarcerated at Virginia Beach City Jail, which does not have a law library.  However, his argument is insufficient to demonstrate entitlement to equitable tolling of the limitations period.  Courts are in universal agreement that limited access to a prison law library does not establish extraordinary circumstances warranting equitable tolling of the limitations period.  See, e.g., Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (holding that limitations on access to the law library "were neither extraordinary nor made it impossible for [petitioner] to file his petition in a timely manner"); Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006) (60-day segregation without access to law library, even coupled with reliance on a service that falsely promised to prepare and file petitioner's habeas application, did not justify equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir.), cert. denied, 531 U.S. 1035 (2000); Corrigan v. Barbery, 371 F. Supp.2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as . . . restricted access to the law library . . . do not by themselves qualify as extraordinary circumstances.")  Furthermore, respondent points out that petitioner had access to a law library when he was transferred to a new facility on June 18, 2010.  At that time, only one-hundred

4

seventy-nine (179) days had passed since his conviction.  Mot. Dismiss 3, ECF No. 10.  The federal limitations period had not yet run, and petitioner could have timely filed a petition.  See, e.g., Roberts v. Watson, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010).

Petitioner also argues that he is entitled to equitable tolling because he had trouble obtaining his case file from his trial attorney.  He claims he could not have discovered the factual predicate of his claims until he reviewed the file in its entirety and that he exercised due diligence in trying to obtain the file; however, he states that the first time he requested the file from his attorney was in November 2010, about ten months after he conviction became final.  Rep. 3, ECF No. 31.  Therefore, petitioner has failed to establish he is entitled to equitable tolling, and this petition will be dismissed as time-barred.  Because the petition is untimely, a discussion of the merits of petitioner's claims is not necessary.

### IV. Conclusion

For the above-stated reasons, respondent's Motion to Dismiss will be granted, and petitioner's motion to appoint counsel, motion for evidentiary hearing, and motion for discovery will be denied, as moot.  An appropriate order shall issue.

Entered this _____ day of _____ 2013.

/s/
_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia